# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Dixon, : 
                   Petitioner : 
                         : 
          v. : No. 1000 C.D. 2022
                         : Submitted: May 7, 2024
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
               Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: June 7, 2024**

Denise Dixon (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming a Decision of a Workers' Compensation Judge (WCJ) that granted a Modification Petition filed by the City of Philadelphia (Employer) and modified Claimant's disability status from temporary total disability to temporary partial disability based upon an impairment rating evaluation (IRE) performed under Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Claimant argues retroactive application of Act 111 divests her of a vested right in the continuation of workers' compensation benefits in violation of the Remedies Clause of article I, section 11 of the Pennsylvania

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3.

Constitution, PA. CONST. art. I, § 11.[2]  Claimant also argues Act 111 is an unconstitutional delegation of legislative authority.  As this Court has previously rejected both arguments on numerous occasions, we affirm the Board's Order.

The instant matter raises purely legal issues, and the pertinent facts are not in dispute.  Claimant suffered a work-related injury on June 6, 2011, while in the course of her employment as a police officer for Employer.  (WCJ Decision Finding of Fact (FOF) ¶ 1.)  Employer accepted the injury as "sprain/strain/contusions to the left knee, low back[,] and right hand/wrist."  (*Id.* ¶ 2.)  On March 16, 2021, Claimant underwent an IRE performed by Michael Fischer, D.O., who opined Claimant had a whole-person impairment of 16% utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing.  (*Id.* ¶ 3.)  Based upon this IRE, Employer filed its Modification Petition.  (Reproduced Record at 5a-6a.)

Before the WCJ, Employer submitted the deposition testimony of Dr. Fischer, which detailed the IRE and his opinions.[3]  Claimant did not offer any evidence to challenge the impairment rating and, instead, argued Act 111 was unconstitutional.  (FOF ¶ 4.)  The WCJ credited Dr. Fischer's uncontradicted testimony and rejected Claimant's constitutional argument noting that Act 111 had not been invalidated by any court and, thus, remained controlling.  (*Id.* ¶¶ 5-6; *see also* WCJ Decision

---

[2] The Remedies Clause provides, in relevant part:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

PA. CONST. art. I, § 11.

[3] Dr. Fischer's deposition testimony and related exhibits can be found in the Reproduced Record at pages 69a through 102a and is summarized in finding of fact 3.

Conclusion of Law (COL) ¶ 3.) Having found Claimant reached maximum medical improvement and had a whole-body impairment of 16%, the WCJ concluded Employer met its burden and modified Claimant's benefits to temporary partial disability as of March 16, 2021, the date of the IRE. (FOF ¶¶ 7-8; COL ¶ 2.)

Claimant appealed to the Board, again challenging the constitutionality of Act 111. The Board stated its jurisdiction does not encompass constitutional issues and that it lacks the authority to declare any provision of the WC Act unconstitutional, but "where Pennsylvania's appellate courts have addressed constitutional challenges to Act 111, it is proper for the Board to apply those holdings." (Board Opinion (Op.) at 3.) Citing *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed Aug. 18, 2020), the Board concluded "that the consensus was that Act 111 is not unconstitutional on its face" and that applying Act 111 to a claimant who suffered a work injury before its enactment did not violate the claimant's vested rights. (Board Op. at 3.) Accordingly, the Board, concluding this Court has rejected similar arguments, likewise rejected Claimant's arguments and affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review.[4] Before this Court, Claimant asserts that applying Act 111 to a claimant like herself whose work injury predates Act 111's effective date, violates the Remedies Clause, and that Act 111 constitutes an unlawful delegation of legislative authority. Claimant argues Act 111

---

[4] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

is a substantive amendment to the WC Act since it limits a claimant's partial disability benefits to 500 weeks, and, before Act 111, claimants could receive benefits for their lifetime. As a result, Claimant argues Act 111 can only be applied prospectively and applying it retroactively to an injury that predates its enactment, as the WCJ and Board did, violates the Remedies Clause. Claimant distinguishes *Bible v. Department of Labor and Industry*, 696 A.2d 1149 (Pa. 1997), in which the Pennsylvania Supreme Court held retroactive application of another provision of the WC Act did not violate the Constitution, asserting there, the rights had not yet been adjudicated, whereas here, they are vested. Claimant asserts "'[c]laimants have a vested right in the continuation of workers['] compensation benefits until found to be ineligible,'" (Claimant's Brief at 26 (quoting *Giant Eagle, Inc. v. Workers' Comp. Appeal Bd. (Weigand)*, 764 A.2d 663, 668 (Pa. Cmwlth. 2000))), which cannot be divested without violating the Constitution. Claimant recognizes this Court has rejected this argument in *Pierson*, but nonetheless asks the Court to reconsider that holding. Claimant also argues Act 111 is an unlawful delegation of legislative authority and therefore unconstitutional on that basis as well.

Employer responds that this Court, on a number of occasions, has already rejected the same arguments Claimant posits now. We agree.

In *Pierson*, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. Similar to Claimant here, the claimant in *Pierson* argued Act 111 was a substantive, not a procedural, change in the law and, thus, could not be applied retroactively without violating his vested right in benefits as secured by the Remedies Clause. This Court rejected those arguments, holding that the claimant's "'vested rights' have not been abrogated by Act 111," 252 A.3d at 1180, because "there are reasonable expectations under the

4

Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.*

In *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360, 366-67 (Pa. Cmwlth. 2021), the Court reaffirmed this holding. Claimant asks the Court to revisit its holding in *Pierson*, claiming it was wrongly decided. Numerous other claimants have invited the Court to revisit this holding on similar grounds, but we have repeatedly declined to do so. *See, e.g., Hoffman v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 359 C.D. 2023, filed Mar. 19, 2024), slip op. at 3; *Conrad v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 557 C.D. 2022, filed Feb. 26, 2024), slip op. at 9-10, *petition for allowance of appeal* (Pa., No. 152 MAL 2024, filed Mar. 22, 2024); *Farmbry v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1359 C.D. 2022, filed Jan. 18, 2024), slip op. at 5-6; *Moakley v. Vogel Holding, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 19 C.D. 2022, filed Jan. 16, 2024), slip op. at 3-6; *Stanley v. Dep't of Transp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1234 C.D. 2022, filed Jan. 11, 2024), slip op. at 4-6; *Sanchez v. Petrolongo Contractors, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 85 C.D. 2022, filed Jan. 10, 2024), slip op. at 5-7; *Lanzara v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 108 C.D. 2023, filed Dec. 22, 2023), slip op. at 4-6; *Roscoe v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 27 C.D. 2023, filed Dec. 20, 2023), slip op. at 7-8, *petition for allowance of appeal* (Pa., No. 19 EAL 2024, filed Jan. 18, 2024); *Eiler v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1299 C.D. 2022, filed Dec. 18, 2023), slip op. at 3-4; *Dennell v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 77 C.D. 2023, filed Nov. 17, 2023),

slip op. at 4-5; *Dunetz v. Charles H. Sacks, D.M.D., P.C. (Workers' Comp. Appeal Bd.)*, 304 A.3d 134, 143 (Pa. Cmwlth. 2023) (en banc); *Perlis v. City of Wilkes-Barre (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1102 C.D. 2022, filed Oct. 6, 2023), slip op. at 10-14; *Rowles v. Pa. Dep't of Mil. & Veterans Affs.* (Pa. Cmwlth., No. 1074 C.D. 2022, filed Sept. 11, 2023), slip op. at 5-7; *Long v. Ne. Counseling Servs. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 561 C.D. 2022, filed Aug. 30, 2023), slip op. at 6-9; *Bouges v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 565 C.D. 2022, filed Aug. 30, 2023), slip op. at 8-11; *Penta v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 54 C.D. 2022, filed Aug. 30, 2023), slip op. at 6-9; *Lee v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 905 C.D. 2022, filed Aug. 29, 2023), slip op. at 3-4; *Lord v. Allied Constr. Servs. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1207 C.D. 2022, filed Aug. 24, 2023), slip op. at 5-7; *Smith v. Pa. Game Comm'n (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 659 C.D. 2022, filed Aug. 7, 2023), slip op. at 4; *Walls v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1414 C.D. 2022, filed Aug. 4, 2023), slip op. at 4-5; *Brown v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 154 C.D. 2022, filed July 26, 2023), slip op. at 7-8; *Mastrome v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1387 C.D. 2021, filed July 11, 2023), slip op. at 4-5; *Burkett v. Jimi Enters., Inc (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 41 C.D. 2022, filed June 26, 2023), slip op. at 9-11; *Tedesco v. Kane Freight Lines, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1270 C.D. 2021, filed May 19, 2023), slip op. at 11-12; *Leissner v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1451 C.D. 2021, filed May 17, 2023), slip op. at 3-4; *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied*, (Pa., No.

191 WAL 2022, filed Jan. 3, 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 7-8; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 9-10, *appeal denied*, (Pa., No. 87 WAL 2023, filed Oct. 4, 2023); *Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 192 WAL 2022, filed Jan. 3, 2023); *Hazzouri v. Pa. Tpk. Comm'n (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 889 C.D. 2021, filed Apr. 28, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 223 MAL 2022, filed Nov. 22, 2022); *Bundschuh v. Gwynedd Veterinary Hosp., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 556 C.D. 2021, filed Apr. 11, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 184 MAL 2022, filed Sept. 7, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022), slip op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op. at 5-7, *appeal denied*, (Pa., No. 127 MAL 2022, filed Aug. 23, 2022); *Sobol v. Select Med. Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 799 C.D. 2021, filed May 18, 2022), slip op. at 4-5; *Tufano v. Tammy L. Clause, P.C. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 803 C.D. 2021, filed May 13, 2022), slip op. at 9, *appeal denied*, (Pa., No. 254 MAL 2022, filed Nov. 21, 2022); *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10, *appeal denied* (Pa., No. 575 MAL 2021, filed Mar. 14, 2022).[5] "Because our analysis in *Pierson* [and its progeny] is directly

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1)-(2) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1)-(2), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

applicable and controlling here, we reject Claimant's constitutional challenges to Act 111." *Hender-Moody*, slip op. at 7. Moreover, because Claimant does not proffer a persuasive reason why we should revisit our holding in *Pierson*, we decline to do so.

In addition, Claimant's second argument, that Act 111 constitutes an unconstitutional delegation of legislative authority, has likewise been previously decided by the Court in *Pennsylvania AFL-CIO*, 219 A.3d 306.

Because the issues raised herein are controlled by this Court's precedent, we affirm the Board's Order.

**RENÉE COHN JUBELIRER,** President Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Denise Dixon,                          :
               Petitioner        :
                         :
          v.                :    No. 1000 C.D. 2022
                         :
City of Philadelphia (Workers'    :
Compensation Appeal Board),     :
                Respondent   :

# O R D E R

    **NOW**, June 7, 2024, the Order of the Workers' Compensation Appeal Board, dated August 25, 2022, is **AFFIRMED.**

 

**RENÉE COHN JUBELIRER,** President Judge